# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:94CR00028-01 |
| v. ) | |
| ) | **OPINION** |
| ARNOLD LEE HIGHTMAN ) | |
| AMBERS, JR., ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Arnold Lee Hightman Ambers, Jr., Pro Se Defendant.*

On May 26, 1995, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C.A. § 3553(a) (West Supp. 2008).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. U.S. Sentencing Guideline Manual ("USSG") App. C Supp., amend. 706, as amended by amend. 711 (2007). On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. USSG App. C Supp. to 2007 Supp., amend. 713 (2008). Stated generally, the practical effect of the Sentencing

Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C.A. § 3582(c)(2) (West 2000).

The defendant has now filed a Motion for Reduction of Sentence pursuant to § 3582(c)(2).

Having considered the defendant's motion, the court concludes that it must be denied. The defendant was found guilty by a jury of conspiracy to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). According to the findings and conclusions of the Presentence Investigation Report—which the court adopted—the defendant was responsible for 4.5 kilograms of crack cocaine.

Under the amended sentencing guidelines, 4.5 kilograms of crack cocaine correlates with a base offense level of 38. USSG § 2D1.1(c)(1) (Supp. 2008). With a Criminal History Category of I, the amended guidelines recommend a term of imprisonment from 235 to 293 months, the same as at the defendant's original sentencing.[1]

Unfortunately, the defendant falls into that group of crack cocaine offenders who were held responsible for at least 4.5 kilograms of crack cocaine and, therefore,

---

[1] The defendant's actual range was 240 to 293 months, because he was subject to a mandatory minimum sentence of 240 months.

are unaffected by the recent guideline amendments.

Accordingly, the defendant's Motion for Reduction of Sentence (Doc. No. 278) will be denied.

DATED: August 18, 2008

/S/ JAMES P. JONES
Chief United States District Judge